## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

Mark Wayne Curry

January 6, 1992

Case Nos. (Law) 91–429, 91–430, and 91–431

By Judge John E. Wetsel, Jr.

This case came before the Court on the defendant's motion to suppress statements obtained from the defendant incident to his arrest on January 1, 1988. Upon consideration of the evidence and arguments and memoranda of counsel, the Court makes the following [findings and rulings].

### I. *Findings of Fact*

On January 1, 1988, at approximately 1:00 a.m., Deputy Terry Wines of the Warren County Sheriff's Department observed a vehicle cross the center line of U.S. Route 55 in Warren County. Deputy Wines followed the vehicle for approximately one and a half miles and then activated his emergency equipment to stop the vehicle because he suspected the driver of driving under the influence of alcohol.

Following the activation of the emergency equipment, the vehicle accelerated and turned into Shenandoah River Lake Estates. Deputy Wines followed the vehicle around the subdivision three times, and the vehicle then pulled in behind the defendant's residence.

Deputy Wines stopped his car in front of the house for two to three minutes to assess the situation and then went to the vehicle, which was then unoccupied. As of this point, Deputy Wines had not identified the driver of the vehicle. Deputy Wines noted footprints in the mud leading from the vehicle across a concrete patio and into the

residence. The sliding glass door of the residence was open, and Deputy Wines could see the muddy footprints leading into the house. Deputy Wines followed the footprints into the house where he found Mr. Curry on a couch. Deputy Wines then questioned the defendant and determined that he had been driving the vehicle, and based upon that information, he arrested the defendant. It is this statement which the defense seeks to suppress.

Prior to entering the defendant's residence, Deputy Wines did not knock on the door or announce his presence. He did not obtain consent to enter the residence, nor did he have a search warrant.

The Commonwealth is relying upon the hot pursuit and exigent circumstances exception to the warrant requirement of the Fourth Amendment to justify the police entry into the residence and the subsequent interrogation and arrest of the defendant.

## II. *Conclusions of Law*

As the United States Supreme Court stated in *Peyton v. New York*, 445 U.S. 573, 63 L. Ed. 2d 639, 653 (1988) (warrantless entry in pursuit of a murder suspect), "In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." *Welsh v. Wisconsin*, 466 U.S. 740, 748-49, 80 L. Ed. 2d 732 (1984). "When there has been a warrantless entry in a home by police authority, '[i]t is well settled that the burden is on the Commonwealth to establish an exception to the warrant requirement'." *Elliotte v. Commonwealth*, 7 Va. App. 234, 238, 372 S.E.2d 416 (1988), quoting with approval *Walls v. Commonwealth*, 2 Va. App. 639, 645, 347 S.E.2d 175 (1986).

The issue in this case is whether the hot pursuit of a person suspected of having committed the crimes of driving under the influence and flight to avoid a police officer, both of which are misdemeanors, may justify the warrantless entry of the defendant's home. The leading case on hot pursuit is *Warden v. Hayden*, 387 U.S. 294, 18 L. Ed. 2d 782 (1967), in which the police pursued a suspected robber into his residence. The suspect was reported to be armed, and in the context of a fleeing armed suspect suspected of a felony, the Supreme

Court thought it reasonable and "essential" to effective law enforcement to dispense with the requirement that a warrant be sought before a neutral magistrate.

While neither the Supreme Court of Virginia nor the Court of Appeals has specifically considered the hot pursuit exception to the warrant requirement of the Fourth Amendment, the Virginia Court of Appeals has noted that: "The right of police to make a warrantless entry, absent consent, depends upon the existence of probable cause and exigent circumstances." *Walls v. Commonwealth*, 2 Va. App. 639, 647, 347 S.E.2d 175. In *Welsh v. Wisconsin, supra*, the defendant was suspected of driving while intoxicated, and the Supreme Court of the United States ruled that "[w]hen the government's interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." 80 L. Ed. 2d 732, 743. A like result was reached in *State v. Bolte*, 542 A.2d 494 (N.J. Super. App. Div. 1988), where the officer's warrantless entry into defendant's home was held not to be justified under the hot pursuit exception where the officer claimed that entry was made to avoid dissipation of blood alcohol, and the officer only had probable cause to believe that defendant had committed the crime of eluding as well as other motor vehicle offenses unrelated to driving under the influence.

The litmus inquiry in this case is whether police in pursuit of a person suspected of having committed a misdemeanor may enter a residence without a warrant. As noted by Professor Whitebread, the Supreme Court of the United States has intimated that:

> When the suspected crime is "minor," warrantless entry will not normally be permitted, regardless of where the crime occurred. In *Welsh v. Wisconsin*, police entered the defendant's home after (1) finding a car abandoned in a ditch, (2) learning from a bystander that the driver had appeared to be drunk, and (3) finding the defendant's address on the car's registration. The Court invalidated the subsequent warrantless arrest of the defendant for drunken driving despite the State's argument that an immediate arrest was necessary to obtain evidence of the defendant's blood alcohol content. The Court held that when the of-

fense is a minor civil traffic offense, exigent circumstance is sufficient to justify a warrantless entry will seldom exist; the State must be able to point to "some real, immediate and serious consequences" if action is postponed to obtain a warrant. Whitebread, *Criminal Procedure,* Foundation Press, 1986, p. 191.

Since *Hayden* and *Welsh,* the courts which have considered the hot pursuit exception to the warrant requirement of the Fourth Amendment have generally applied the hot pursuit exception in the context of pursuit of a person suspected of having committed a felony. In *Vale v. Louisiana,* 399 U.S. 30, 26 L. Ed. 2d 409, 414 (1970), the Supreme Court of the United States reaffirmed *Warden v. Hayden,* and, in reversing the Louisiana Supreme Court's admission of evidence seized without a warrant, stated that "[t]hey (the police) were not in pursuit of a fleeing felon." "The only case in which the Supreme Court has held the exigent circumstances exception sufficient to justify warrantless entry into a suspect's home involved the hot pursuit of a fleeing felon . . . ." *U.S. v. Aquino,* 836 F.2d 1268, 1271 (10th Cir. 1988). Where intrusions into the sanctum of a citizen's residence are concerned, a bright line of protection must be drawn at the threshold of the residence as was done by the framers of both the Constitution of Virginia and the Federal Constitution. In the instant case, the crimes suspected were those of driving under the influence and flight to avoid arrest, both of which are misdemeanors. In Virginia we have three classes of crimes — felonies, misdemeanors, and traffic infractions. Virginia Code § 18.2-8. "It has been said that all crimes are comprehended within the terms felony and misdemeanor . . . ." 21 Am. Jur. 2d *Criminal Law* § 29. Applying the hot pursuit dichotomy of the "serious crime" of *Hayden* versus the "minor crime" of *Welsh* to the historical common law and legislative classification of crimes, it appears logical to equate "minor" with misdemeanor and "serious" with felony, otherwise the determination of what is a "serious crime" becomes a subjective inquiry into the nature of the crime of each case requiring a prolific number of appellate decisions and would require the pursuing officers to carry a hot pursuit crime classification table with them on the street. Standing at the door in the heat of the chase, pulse pounding, senses heightened by the rush of adrenalin, the officer's conduct should be governed by crystalline clear rules and should not depend upon his

subjective perception of the exigencies of the situation. Therefore, it would appear that the hot pursuit exception to the warrant requirement of the Fourth Amendment applies only to the pursuit of fleeing felons and does not apply to the facts of this case.

In *Verez v. Commonwealth*, 230 Va. 405, 410-411, 337 S.E.2d 749 (1985), where police entered a motel room without a warrant and seized illegal drugs (a felony), the Supreme Court of Virginia discussed the exigent circumstances exception to the Fourth Amendment and specifically relied upon *Welsh*:

> Exigent circumstances, however, may justify as reasonable a warrantless entry into a dwelling, a search of the interior, a seizure of contraband, and an arrest of those found in possession of it. Such warrantless entries into dwellings, followed by searches, seizures, and arrests therein, however, are presumed to be unreasonable, in Fourth Amendment terms, casting upon the police a heavy burden of proving justification by exigent circumstances. *Welsh v. Wisconsin.* (Cites omitted.)

> No court has, to our knowledge, attempted to formulate a final and comprehensive list of all exigent circumstances which might justify a warrantless entry, but some of those considered relevant have been: (1) the degree of urgency involved and the time required to get a warrant; (2) the officers' reasonable belief that contraband is about to be removed or destroyed; (3) the possibility of danger to others, including police officers left to guard the site; (4) information that the possessors of the contraband are aware that the police may be on their trail; (5) whether the offense is serious (that slippery rubric again), or involves violence; (6) whether the officers reasonably believe the suspects are armed; (7) whether there is, at the time of entry, a clear showing of probable cause; (8) whether the officers have strong reason to believe the suspects are actually in the premises; (9) the likelihood of escape if the suspects are not swiftly apprehended; and (10) the suspect's recent entry into the premises after hot pursuit. (Cites omitted.)

*Verez* is typical of exigent circumstance cases other than hot pursuit in that the warrantless entry arose in the context of a premeditated

surveillance and decision to be about the premises subsequently entered. Considering the ten factors discussed in *Verez* in the context of the instant case, it is readily apparent that hot pursuit is the only exigent circumstance really present in this case. The defendant's flight had ended at the residence, and the officer paused in front of the house for two to three minutes while he assessed the situation. He had no reason to suspect that the defendant was armed or that there was any contraband to be destroyed. There was no "volatile, unpredictable situation" calling for immediate action. The officer could easily have waited for a backup unit and then knocked on the door and asked to speak to the driver of the vehicle, which would have been the prudent and frequently applied procedure in such cases.

The exigent circumstances exception to the Fourth Amendment warrant requirement was also recently discussed by the Court of Appeals in *Helms v. Commonwealth*, 10 Va. App. 368, 370–371, 392 S.E.2d 496 (1990):

> When a person with standing (i.e., legitimate expectation of privacy) objects to a warrantless search of his person or property, the burden is on the prosecution to show a need for such a warrantless search. *United States v. Jeffers*, 342 U.S. 48, 51 (1951). The Fourth Amendment to the Constitution of the United States guarantees the right of the people to be secure in their person and effects against unreasonable searches and seizures. The Supreme Court of the United States has interpreted that amendment to require that, absent exigent circumstances, searches of private property be performed pursuant to search warrants issued in compliance with the amendment's warrant clause. *Arkansas v. Sanders*, 442 U.S. 753, 758 (1979).
>
> In the ordinary case, therefore, a search of private property must be *both* reasonable *and* pursuant to a properly issued search warrant. *The mere reasonableness of a search, assessed in the light of the surrounding circumstances, is not a substitute for the judicial warrant required by the Fourth Amendment. Id.* at 758 (emphasis added). *The exigent circumstances that will justify a warrantless search include danger to the officer, search incident to a lawful arrest, or the risk of loss or destruction of*

*evidence.* None of the exceptions are apposite here. *See, Jones v. United States,* 357 U.S. 493, 499 (1958) (emphasis added).

The instant case is also like *Helms* in that there was no perceived danger to the officer of inhabitants of the house, no danger of evidence being secreted or destroyed, and the flight of the defendant had ended. Therefore, the entry may not be justified under the exigent circumstances exception and was in violation of the Fourth Amendment.

Having determined that the entry into the residence and the apprehension of the defendant were in violation of the Fourth Amendment, the inquiry then becomes to what extent is the statement of the defendant and his identification incident to his arrest "fruit of the poisonous tree," which must be excluded. Under the facts of this case, it would appear that both the identity of the defendant as the driver of the motor vehicle, *Zimmerman v. Commonwealth,* 234 Va. 609, 363 S.E.2d 708 (1988), and the defendant's subsequent statement should be suppressed. *Hart v. Commonwealth,* 221 Va. 283, 269 S.E.2d 806 (1980).

### III. *Decision*

For the foregoing reasons, the motion of the defendant to suppress the evidence of the defendant's identification and his statement given on January 1, 1988, to Deputy Wines after Deputy Wines entered his residence is granted.